UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS, *et al.*,

Petitioners,

-v-

UNITED BRIDGE CONSTRUCTION,

Respondent.

---

26 Civ. 5688 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

Petitioners seek to confirm an award issued by the Joint Trade Board of the Structural Steel and Bridge Painting Industry (the "Joint Trade Board") against Respondent United Bridge Construction ("United Bridge"). By December 2, 2026, Petitioners shall make a supplemental submission addressing the following four issues.

First, Exhibit B to the Declaration of Lauren M. Kugielska, Dkt. 2 ("Kugielska Decl."), purports to be a copy of the collective bargaining agreement between the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 (the "Union") and United Bridge. The version of this document attached to Ms. Kugielska's Declaration, however, includes an isolated, nonsequential page with the signature of Tommy Vlahoploulos, President of United Bridge. *See* Kugielska Decl., Exh. B ("CBA") at ECF p. 59. That signature page does not appear to follow the preceding pages which contain the content of a collective bargaining agreement. Thus, based on Exhibit B, it is not clear that United Bridge is bound to the collective bargaining agreement that Petitioners have provided the Court. Petitioners shall submit a clean version of the entire collective bargaining agreement between the Union and United Bridge, including United Bridge's signed assent to *that agreement*.

Second, pursuant to the collective bargaining agreement filed by Petitioners, the Joint Trade Board is "empowered to consider and decide all questions and disputes arising under this Agreement *except for matters involving trust fund contributions*." CBA art. III, § 1(C) (emphasis added). Yet, in its Award, the Joint Trade Board granted Petitioners damages for an identified delinquency in United Bridge's benefit fund contributions for the period of April 21, 2023 through December 31, 2023. Kugielska Decl., Exh. A at 3-4. As a result, the Joint Trade Board awarded $54,367.74 payable to the "PIIAF" for United Bridge's failure to submit benefit fund contributions with that figure reflecting a principal delinquency of $44,451.03, $2,191.61 in interest, $4,445.10 in liquidated damages, and $3,280.00 in audit costs. *Id.* at 3-4. This part of the Award appears to involve a "dispute[] arising under [the collective bargaining agreement] . . . for matters involving trust fund contributions." CBA art. III, § 1(C). Petitioners must address why this portion of the Award is not precluded by the terms of the collective bargaining agreement.

Third, and relatedly, Petitioners must identify where the collective bargaining agreement authorizes the Joint Trade Board to award damages for delinquent benefit fund contributions, interest, liquidated damages, and audit costs.

Finally, Petitioners must explain how interest for the delinquent benefit contributions was calculated in the Award. The payroll compliance audit provides that the interest rate is "simple interest based on prime rate plus 2%," *see* Kugielska Decl., Exh. C at ECF p. 12, which is also what is provided in the CBA, *see* CBA art. II, § 4(B)(4). Yet the Award appears to calculate interest on the delinquent contributions at a rate below the "prime rate plus 2%."

SO ORDERED.

Dated: November 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge